UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 20 2012 ★
BROOKLYN OFFICE

DOCKET & FILE

NELLA MANKO,

          Plaintiff,

  -against-

MARSHA L. STEINHARDT, individually and in
her official Capacity as Justice of the
N.Y.S. Supreme Court of Kings County;
et al.,

          Defendants.
----------------------------------------X

MEMORANDUM AND ORDER

12-CV-2964(KAM)(LB)

**MATSUMOTO, United States District Judge:**

On June 12, 2012, *pro se* plaintiff Nella Manko brought this action[1] pursuant to 42 U.S.C. § 1983, alleging that defendants violated her constitutional rights during the course of her state court medical malpractice action, Kings County Supreme Court Index Number 30972/2004 (the "State Court Action"). Plaintiff also alleges various pendent state law claims. Plaintiff seeks an injunction ordering the recusal of Judge Marsha Steinhardt, Judge Gerard Rosenberg, and Judge Bert Bunyan in the State Court Action; reversal, annulment and vacatur of the state court's orders in the State Court Action; and compensatory and punitive damages. (*See* ECF No. 1, Complaint ("Compl.") at 95-96.) Plaintiff's request to proceed *in forma pauperis* is granted solely for the purpose of this Memorandum

---

[1] Plaintiff has previously filed four actions in this court seeking similar relief against similar parties, arising out of a state court action.

1

and Order, and the action is hereby dismissed under 28 U.S.C. § 1915(e)(2)(B). Plaintiff has filed yet another duplicative action despite the court's previous warnings that "if [plaintiff] persists in filing additional actions based on her dissatisfaction with state court decisions, she will likely be subject to an injunction against further meritless filings." *See* Memorandum and Order dated 4/17/2012 in *Manko v. Steinhardt*, No. 12-cv-1472, at 1; *see also Manko v. Steinhardt*, No. 11-cv-5103, 2012 WL 1744836, at *2 (May 15, 2012) (warning plaintiff that court would not tolerate her repetitious filings). Consequently, plaintiff is also directed to show cause why she should not be barred from filing any new actions under the *in forma pauperis* statute without first obtaining the court's permission to do so.

I. **Standard of Review**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where the court is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A court must, however, construe a *pro se* litigant's pleadings liberally, *see Chavis v. Chappius*, 618 F.3d

162, 171 (2d Cir. 2010), especially when those pleadings allege civil rights violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

## II. Background

Plaintiff has filed numerous personal injury, medical malpractice, and other tort and common law claims in the New York state courts during the past several years. In the past year alone, plaintiff has also filed four cases in this court, all of which challenge decisions made in state court actions and allege constitutional violations by judges, attorneys, court officers, court reporters and the court involved in those state court actions, and all of which have been dismissed. *See Manko v. Steinhardt*, No. 12-cv-1472 (E.D.N.Y. filed Mar. 21, 2012, dismissed Apr. 17, 2012); *Manko v. Finkelstein*, No. 11-CV-5054 (E.D.N.Y. filed Oct. 14, 2011, dismissed and closed for failure to pay the filing fee Feb. 10, 2012); *Manko v. Steinhardt*, No. 11-CV-5103 (E.D.N.Y. filed Oct. 17, 2011, dismissed Jan. 24, 2012); *Manko v. Steinhardt*, No. 11-CV-5430 (E.D.N.Y. filed Oct. 31, 2011, dismissed Jan. 24, 2012).

Although each of the four actions plaintiff previously filed in this court names slightly different parties, each seeks

to challenge events that occurred in state court and alleges that the defendants violated plaintiff's constitutional rights during the course of the state court proceedings. In every instance, plaintiff's case has been dismissed or dismissible on the bases of the *Rooker-Feldman* doctrine[2] or judicial and sovereign immunity.[3]

In addition, in the court's February 7, 2012 Order, under docket number 11-CV-5054, the court requested that the plaintiff "abstain from filing further duplicative or frivolous litigation in this court." *Manko v. Finkelstein*, No. 11-CV-5054, 2012 WL 407092, at *1 (E.D.N.Y. Feb. 7, 2012). Approximately two months later, under docket number 12-CV-1472, the court "notifie[d] plaintiff that similar future filings will subject her to a filing injunction." *Manko v. Steinhardt*, No. 12-CV-1472, Order dated April 17, 2012, at 2, 6-7 (setting forth plaintiff's litigation history and giving notice that similar future filings will likely subject her to a filing injunction).

---

[2] Under the *Rooker-Feldman* doctrine, cases "brought by [a] state-court loser[ ] complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments" are barred in federal courts, which lack subject-matter jurisdiction over such actions. *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005).

[3] Plaintiff's case in *Manko v. Finkelstein*, No. 11-CV-5054, was dismissed because plaintiff failed to pay the filing fee required to commence an action in the time allotted. (*See* ECF No. 8, Docket No. 11-CV-5054.) As the court explained in its January 9, 2012 Memorandum and Order, however, even if plaintiff had paid the fee, the court would have dismissed the action pursuant to *Rooker-Feldman* doctrine and the doctrines of sovereign and judicial immunity. (See ECF No. 6, Docket No. 11-CV-5054.)

Most recently, in its Order dated May 15, 2012, denying plaintiff's motion for reconsideration in *Manko v. Steinhardt*, No. 11-CV-5103, the court reiterated its warning but did not yet enjoin plaintiff because she "filed this motion to reconsider on the same day that the court entered the Memorandum and Order in the subsequent action, *Manko v. Steinhardt*, 12-CV-1472." *Manko v. Steinhardt*, 2012 WL 1744836, at *2 (E.D.N.Y. May 15, 2012).

**III. Plaintiff's Claim is Barred By *Res Judicata***

Despite the court's request and multiple warnings, plaintiff has returned to this court with yet another duplicative action. Here, plaintiff again raises claims related to alleged medical malpractice filed in state court under Index Number 30972/2004 (Kings County). This time she has named as defendants five judges, three courts, eleven attorneys, five law firms, one clerk of court and other state officials. There are limits to how often the court can be asked to review the *same* allegations against the same parties. That limitation is recognized under the doctrine of *res judicata*. *See Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993).

Under the doctrine of *res judicata*, or claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues

5

that were or could have been raised in that action." *St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)); *see also EDP Med. Computer Sys. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007). Once a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties, or those in privity with the parties, concerning the transaction or series of connected transactions out of which the first action arose.

The doctrine of *res judicata* applies to *pro se* litigants. *Yeiser v. GMAC Mortg. Corp.*, 535 F. Supp. 2d 413, 426 (S.D.N.Y. 2008) (citing *Pena v. Travis*, No. 01-CV-8534, 2002 WL 31886175, at *8 (S.D.N.Y. Dec. 27, 2008)); *see also Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205-06 (2d Cir. 2002) (affirming district court's *res judicata* dismissal of an *in forma pauperis* action previously dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)). Here, plaintiff has alleged claims that arise out of the same nucleus of facts as those she alleged in three previous actions, all of which this court dismissed for lack of subject-matter jurisdiction, failure to state a claim, and the doctrines of sovereign and judicial immunity. *See Manko v. Steinhardt*, No.

12-CV-1472 (E.D.N.Y. filed Mar. 21, 2012, dismissed Apr. 17, 2012); *Manko v. Steinhardt*, No. 11-CV-5430 (filed Oct. 31, 2011, dismissed Jan. 24, 2012), and *Manko v. Steinhardt*, No. 11-CV-5103 (filed Oct. 17, 2011, dismissed Jan. 24, 2012). Therefore, this action is barred by the doctrine of *res judicata*.

Furthermore, even if this action were not barred by the doctrine of *res judicata*, it would be dismissed for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine and the doctrines of sovereign and judicial immunity.

**IV. Filing Injunction**

In *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (per curiam), the Second Circuit upheld the district court's authority to issue a filing injunction when "a plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." (internal quotations and citations omitted). *See also Pandozy v. Tobey*, 335 F. App'x 89, 92 (2d Cir. 2009); *Williams v. NYC Hous. Auth.*, No. 06-CV-5473, 2008 WL 5111105, at *5 (E.D.N.Y. Dec. 4, 2008). However, it is "[t]he unequivocal rule in this circuit . . . that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be

7

heard." *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005) (*quoting Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998)).

In light of plaintiff's litigation history, she is ordered to show cause in writing by affirmation, within thirty days of the date of this Memorandum and Order, why she should not be barred from filing any further *in forma pauperis* actions in this court without first obtaining permission from this court to file her complaint. Should plaintiff fail to submit her affirmation within the time directed, or should plaintiff's affirmation fail to set forth good cause why this injunction should not be entered, she shall be barred from filing any further *in forma pauperis* actions in this court without first obtaining permission from this court to do so.

## **CONCLUSION**

Accordingly, plaintiff's complaint filed *in forma pauperis* is dismissed on the basis of *res judicata*. 28 U.S.C. § 1915(e)(2)(B)(i). Furthermore, plaintiff is ordered to show cause, within thirty (30) days from the date of this Order, why she should not be barred from filing any new actions under the *in forma pauperis* statute without first obtaining the court's permission to do so.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the court is respectfully requested to serve a copy of this Memorandum and Order on plaintiff and note service on the docket.

SO ORDERED.

Dated: June 20, 2012
Brooklyn, New York

/S/
Kiyo A. Matsumoto
United States District Judge
Eastern District of New York