UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————————————————————X

NELLA MANKO,

                Plaintiff,

-against-

MARSHA L. STEINHARDT, individually and in
her official Capacity as Justice of the N.Y.S.
Supreme Court of Kings County; et al.,

                Defendants.
——————————————————————X

**FINAL JUDGMENT AND
FILING INJUNCTION**
12-CV-2964 (KAM)(LB)

**MATSUMOTO, United States District Judge:**

      By Memorandum and Order dated June 20, 2012, pursuant to 28 U.S.C. § 1915(e)(2)(B), the court dismissed this action as frivolous, duplicative, and barred by *res judicata*. (*See* ECF No. 4, Memorandum and Order dated 6/20/2012.) In addition to explaining the reasons for the dismissal, the court summarized *pro se* plaintiff Nella Manko's history of litigation in this court and this court's repeated warnings to her against the filing of frivolous and vexatious lawsuits. (*Id*. at 3-5.) The court directed plaintiff to show cause, by July 20, 2012, why she should not be barred from filing any new actions under the *in forma pauperis* statute without first obtaining the court's permission to do so. (*Id.* at 8.)

      By letter dated July 20, 2012, plaintiff requested a thirty-day extension of time to respond to the court's order to show cause. (*See* ECF No. 5, Plaintiff's Motion for Extension.) The court granted plaintiff's motion, and ordered plaintiff to respond to the order to show cause by August 20, 2012. (*See* Order dated 7/26/2012.) Thereafter, plaintiff filed a sixth action in this court. *See Manko v. Ruchelsman, et al*, 12-cv-4100 (filed 8/13/2012).

1

On August 20, 2012, instead of showing cause why the court should not enter an order barring plaintiff from filing any new actions under the *in forma pauperis* statute without first obtaining permission from the court, plaintiff submitted a "Cross-Motion to Order to Show Cause" with exhibits in excess of 550 pages, most of which were copies of papers related to her state court litigation. (*See* ECF No. 7, Cross-Motion to Order to Show Cause ("Cross-Motion"); ECF No. 8, Affidavit In Opposition To Order To Show Cause.) In her cross-motion, plaintiff seeks: (1) leave to proceed *in forma pauperis*; (2) leave to file the documentary evidence she attaches to her cross-motion; (3) an order to disqualify this court and Judge Lois Bloom in all cases filed by plaintiff because this court allegedly made "substantial negligent misstatements of plaintiff's complaints, and false statements about plaintiff's complaints"; and (4) $10,000 for "costs of this Motion." (Cross-Motion at 1-2.)

The court notes as an initial matter that plaintiff's affidavit of support of her recusal motion is legally insufficient because it does not allege, much less provide facts supporting a claim, that this court has a "personal bias or prejudice either against [her] or in favor of any adverse party." *See* 28 U.S.C. § 144 ("Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."). Plaintiff's affidavit simply states that this court "made substantial intentional misstatements of plaintiff's complaints, substantial negligent misstatements of plaintiff's complaints, and false statements about plaintiff's complaints." (Manko Aff. at 18.) *See Jackson*

*v. Scotts Co.*, No. 08 Civ. 1064, 2009 WL 321010, at *7 (S.D.N.Y. Feb. 10, 2009) (finding affidavit in support of recusal motion legally insufficient because "its factual allegations, assuming their truth, did not allege the personal bias or prejudice that is essential to a Section 144 recusal motion").

Furthermore, plaintiff appears to complain that the court improperly dismissed plaintiff's complaint in the instant action on the basis of *res judicata*. (*See* Cross-Motion at 18.) The court dismissed plaintiff's complaint because plaintiff again "raise[d] claims related to alleged medical malpractice filed in state court under Index Number 30972/2004 (Kings County)" (*see* Order dated 6/20/2012 at 5) and the court had previously advised plaintiff on numerous occasions that her action was barred by the *Rooker–Feldman* doctrine and by judicial, quasi-judicial, and Eleventh Amendment immunity. *See Manko v. Steinhardt*, 11-cv-5103, 2012 WL 213128 (E.D.N.Y. Jan. 24, 2012); *Manko v. Steinhardt*, 11-cv-5430, 2012 WL 213715 (E.D.N.Y. Jan. 24, 2012); *Manko v. Steinhardt*, 11–cv–5430, 2011 WL 601946 (E.D.N.Y. Nov. 28, 2011); *Manko v. Steinhardt*, 11-cv-5103, 2011 WL 5873398 (E.D.N.Y. Nov. 17, 2011). Plaintiff contends, however, that *res judicata* does not apply because the instant complaint concerns a medical malpractice action that she filed in state court under Index Number 10501/2009. (Cross-Motion at 18.)

Even assuming, *arguendo*, that the instant action relates to a state court action that is distinct from the action upon which plaintiff based her previous complaints filed in this court, the court would dismiss the instant complaint as barred by the *Rooker–Feldman* doctrine and by judicial, quasi-judicial and Eleventh Amendment immunity, with which plaintiff should now be

familiar, given the court's numerous prior explanations regarding the applicability of these doctrines. *See Manko v. Steinhardt*, 11-cv-5103, 2012 WL 213128 (E.D.N.Y. Jan. 24, 2012); *Manko v. Steinhardt*, 11-cv-5430, 2012 WL 213715 (E.D.N.Y. Jan. 24, 2012); *Manko v. Steinhardt*, 11–cv–5430, 2011 WL 601946 (E.D.N.Y. Nov. 28, 2011); *Manko v. Steinhardt*, 11-cv-5103, 2011 WL 5873398 (E.D.N.Y. Nov. 17, 2011).

Accordingly, because neither the "cross-motion" nor its attached exhibits are responsive to the court's order to show cause,[1] it is hereby

ORDERED AND ADJUDGED, that this case is dismissed, and plaintiff shall take nothing of defendants; and it is further

ORDERED, ADJUDGED, AND DECREED, for the reasons stated in the court's June 20, 2012 Order, that (1) plaintiff is permanently enjoined and restrained from filing any new *in forma pauperis* action in the United States District Court for the Eastern District of New York without first obtaining leave from the court; (2) the Clerk of Court is directed to return to plaintiff, without filing, any action that is received without an application seeking leave to file; (3) if the court grants plaintiff leave to file a new action, the civil action shall be filed and assigned a civil docket number; and (4) if leave to file is denied, plaintiff's submission shall be filed on the court's miscellaneous docket.

Nothing herein shall be construed to prohibit plaintiff from filing an appeal of this Order; however, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.

---

[1] Plaintiff's exhibits and attachments primarily consist of copies of pleadings, motions, and notices of appeal plaintiff filed in connection with her previous state court actions.

*See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully requested to serve a copy of this Order on plaintiff and note service on the docket.

SO ORDERED.

/S/
_____
Kiyo A. Matsumoto
United States District Judge

Dated: Brooklyn, New York
August 30, 2012